UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LINDA DERRYBERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:13-CV-41-NAB |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of Linda Derryberry's ("Derryberry") application for disability insurance benefits and supplemental security income ("SSI") under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 9.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. The Court has now heard oral argument on the pleadings of the parties and the Court now issues its ruling in this opinion.

**I.    Issues for Review**

Derryberry asserts that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence in the record for four reasons. First, she contends that the ALJ improperly rejected the opinion of Nurse Practitioner David McVicker. Second, she contends that the ALJ failed to link the medical evidence to the RFC. Third, Derryberry asserts

that the ALJ improperly rejected her testimony. Fourth, she contends that the ALJ improperly evaluated her obesity.

## II.     Standard of Review

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980); *Cruse v. Bowen*, 867 F.2d 1183, 1184-85 (8th Cir. 1989). Additionally, an ALJ's decision must comply "with the relevant legal requirements." *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008).

**III.     Discussion**

Derryberry asserts that the RFC determination is not supported by substantial evidence. The ALJ found that Derryberry had the RFC to perform less than the full range of light work with certain physical strength, postural, and environmental limitations. (Tr. 19-20.) The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his or her limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). "Although the ALJ bears the primary responsibility for assessing a claimant's [RFC] based on all relevant evidence, a claimant's [RFC] is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)). Therefore, an ALJ is "required to consider at least some supporting evidence from a [medical] professional." *Lauer*, 245 F.3d at 704. An RFC determination will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

Derryberry contends that the ALJ should have adopted or given deference to nurse practitioner McVicker's opinions. McVicker treated Derryberry in 2011 and 2012. (Tr. 356-363, 544-549.) On August 25, 2011, he completed physical and mental medical source statements regarding Derryberry's functional capacity. (Tr. 468-469, 471-472.) The ALJ gave no weight to Mr. McVicker's opinions, because they were not supported by objective evidence and inconsistent with Dr. Bruce Preston's findings. (Tr. 23.)

"Social Security separates information sources into two main groups: *acceptable medical sources* and *other sources.* It then divides *other sources* into two groups: *medical sources* and *non-medical sources. Acceptable medical sources* include licensed physicians (medical or osteopathic doctors) and licensed or certified psychologists." *Sloan v. Astrue*, 499 F.3d 883, 888 (8th Cir. 2007) (internal citations omitted) (emphasis in original). Medical sources include nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists." 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1). "Information from these other sources cannot establish the existence of a medically determinable impairment. Instead, there must be evidence from an "acceptable medical source" for this purpose." SSR 06-03P, 2006 WL 2329939. "[I]nformation from such other sources, [however], may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function. *Id.*; 20 C.F.R. §§ 404.1513(d), 416.913(d). The case record should reflect the consideration of opinions from medical sources who are not 'acceptable medical sources . . .who have seen the claimant in their professional capacity." SSR 06-03p.

> Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

SSR 06-3p.

In this case, the undersigned finds that the ALJ did not err in assigning no weight to Mr. McVicker's opinions. First, as a nurse practitioner, Mr. McVicker is not considered an

acceptable medical source, therefore, he cannot provide information used to establish an impairment. Mr. McVicker's opinion can only be used to show the severity of an impairment and how it affects a claimant's ability to work. *See* 20 C.F.R. §§ 404.1513(d), 416.913(d). Second, Mr. McVicker's physical and mental limitations are not consistent with the other medical evidence in the record. "The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if [the conclusions] are inconsistent with the record as a whole." *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007). Third, Mr. McVicker opined that Derryberry was markedly limited in the ability to complete a normal workday or workweek without interruption from psychologically based symptoms and the ability to travel to unfamiliar places or use public transportation. There is no support in the record for those findings. Derryberry has not sought or received any treatment for mental health issues and has not even alleged a mental impairment in her disability application. Therefore, the ALJ did not err in assigning no weight to Mr. McVicker's opinions.

Derryberry also argues that the ALJ gave great weight to the opinion of Dr. Preston, but failed to acknowledge that Dr. Preston's opinion stated that Derryberry could perform "very sedentary work," she was limited to lifting no more than "ten pounds on a regular basis," and needed to get up and walk around every thirty minutes. (Tr. 479.) The ALJ's opinion stated that Derryberry can occasionally lift or carry twenty pounds and frequently lift or carry ten pounds. (Tr. 19.) The ALJ did not include a limitation in the RFC that Derryberry walk around every thirty minutes. (Tr. 19-20.) Derryberry contends that the ALJ failed to discuss the inconsistencies between the RFC determination and Dr. Preston's opinion, therefore, the ALJ's decision must be reversed. The Court disagrees. The ALJ's opinion does not have to mirror the opinion of Dr. Preston, even if she gave the opinion great weight. The ALJ must consider all of

the medical evidence of record as a whole.  *Pearsall*, 274 F.3d at 1217.  The ALJ can include or reject any finding within the medical opinion, if the ALJ does not find it is supported in the record as a whole.  Derryberry told Dr. Preston that she could comfortably sometimes lift fifteen to twenty pounds and comfortably lift ten pounds.  (Tr. 477.)  It should also be noted that Mr. McVicker opined that Derryberry could frequently lift twenty pounds and occasionally lift up to twenty-five pounds.  (Tr. 468.)  On a final note, the Court finds that Dr. Preston's opinion regarding Derryberry's limitations and his statement that she could perform "very sedentary" work was not internally inconsistent.

Next, Derryberry contends that the ALJ's findings regarding her activities of daily living were erroneous and "prove very little, if anything, regarding her credibility."  The ALJ discounted Derryberry's credibility, because she found her daily activities were inconsistent with her allegations of frequent weak spells, the objective medical evidence is not consistent with her allegations, and she has a poor work history.  (Tr. 22-23.)

While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced."  *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).  A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them.  *Id.*  The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints.  *Id.*  The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

> (1) the claimant's daily activities;
>
> (2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;
>
> (3) any precipitating or aggravating factors;
>
> (4) the dosage, effectiveness, and side effects of any medication; and
>
> (5) the claimant's functional restrictions.

*Id.* The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id.* The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). The ALJ need only acknowledge and consider those factors. *Id.* Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole. *Polaski at 1322*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988).

The ALJ could consider activities of daily living, consistency with the overall medical evidence, and poor work history in determining Derryberry's credibility. *See* Goff *v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) (ALJ can disbelieve subjective complaints if there are inconsistencies in the evidence as a whole and lack of corroborating evidence is just one of the factors the ALJ considers); *Fredickson v. Barnhart*, 359 F.3d 972, 976 (8th Cir. 2004) (claimant's credibility lessened when considering sporadic work record reflecting relatively low earnings and multiple years with no reported earnings); *Young v. Apfel*, 221 F.3d 1065, 1069 (8th

Cir. 2000) (ALJ could consider that claimant functioned as the primary caretaker for her home and two small children). Based on the foregoing, the ALJ considered several factors in evaluating Derryberry's credibility and the ALJ's credibility determination was supported by substantial evidence in the record as a whole.

Derryberry also asserts that the ALJ did not consider how obesity in combination with other impairments impacted her ability to work. Derryberry contends that the ALJ should have considered how her fatigue, sleep apnea, diabetes, and migraine headaches affected her ability to work in combination with her obesity. The ALJ's opinion stated that Derryberry's "obesity imposes limitations that would restrict her from performing work at a greater exertional level than found in the RFC." (Tr. 21.) An ALJ is required to consider obesity's effects when evaluating disability. SSR 02-1p, 2002 WL 34686281 at *6 (Sept. 12, 2002). Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. . . . [Each case is evaluated] based on the information in the case record." *Id.* at *6. "[The combination of sleep apnea and obesity] "can lead to drowsiness and lack of mental clarity during the day." *Id.* "In cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity. *Id.*

Based on the record as a whole, the Court finds that the ALJ's opinion demonstrates that all of the impairments cited by Derryberry were considered in determining the RFC. The RFC determination includes postural, environmental, and physical strength limitations that address the severity of Derryberry's impairments and their impact on her ability to work. The ALJ's findings are supported by substantial evidence in the record as a whole.

Finally, Derryberry contends that the ALJ did not link medical evidence with the RFC's conclusion. The Court disagrees and finds that the ALJ did cite medical evidence to support the RFC determination.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Doc. 1, 12.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

Dated this 11th day of March, 2014.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE